In re MARRIAGE OF Kathryn Yvonne GREEN and Edward Charles Green,

Upon the Petition of Kathryn Yvonne Lee Green, Petitioner–Appellant,

And Concerning Edward Charles Green, Respondent–Appellee.

No. 86–1573.

Court of Appeals of Iowa.

Oct. 28, 1987.

Thomas E. Gustafson, Denison, for petitioner-appellant.

Reed H. Reitz of Reimer, Lohman & Reitz, Denison, for respondent-appellee.

Considered by DONIELSON, P.J., and SCHLEGEL, and SACKETT, JJ.

SACKETT, Judge.

The issues before us are whether the trial court properly (1) granted physical custody of two minor children to appellee Edward Green, and (2) ordered appellant Kathryn Green to pay child support of $150 per month per child. We affirm the trial court on both issues.

The marriage of Edward and Kathryn was dissolved in 1984. In dissolving the marriage the trial court approved a stipulation entered into by the parties. They were both granted joint custody of their two daughters, Svea, born in 1979, and Cassie, born in 1982. They were to alternate weeks and holidays with the children. Following the dissolution Edward lived in Dow City and Kathryn in nearby Denison. They were in different school districts. When Svea started kindergarten it was agreed the children would live with Edward so Svea could attend school in Dow City. The two children lived with Edward during the 1984–85 school year. During the summer of 1985 custody of the children was alternated on a weekly basis. In August 1985, after expressing some reservation about taking the children for the school year, Kathryn took them. Svea started school in Denison where Kathryn was living. After several weeks of school Kathryn moved to Sioux City to take a new job. She then returned the children to Edward so Svea could attend school in Dow City. Both the child's teacher and Edward testified, and the trial court found, this change had been difficult for Svea. However, with Edward's assistance she was able to readjust.

During the summer of 1986 the children remained with Edward, and Kathryn exercised extended weekend visitation. Problems occurred in late summer of 1986. By this time Kathryn had moved to Dakota City, Nebraska. Edward testified Kathryn did not tell him until mid-August that she expected the children to live with her during the 1986–87 school year in Dakota City, Nebraska. His testimony was Kathryn at that time had taken the children for visitation and not returned them as she had indicated she would. Edward testified because he had the children most of the summer he assumed the children would attend school in Dow City.

Kathryn contends she intended for some time to have the children for the school year, although she admits she did not advise Edward of this fact until mid-August. On August 19, 1986, Kathryn returned the children to Dow City and gave Edward's wife the list of school supplies she expected him to get for the children, together with her instructions as to doctor's appointments Edward was expected to make for the children. Contrary to Kathryn's expectations, Edward did not return the children to Kathryn to begin school in Dakota City. On August 25, Edward signed a petition seeking modification of the dissolution decree to award him physical care.

The children have had a stable home with Edward and his new wife in the community where they have always lived. The older daughter's teachers testified her performance in school was very good. She was always clean and very well dressed, had an excellent attendance record; she was content and a hard worker. Her father and stepmother attended parent-teacher conferences. Her teachers were of the opinion her home situation was excellent. The children have an excellent relationship with their stepmother.

## I.

■ Kathryn contends physical care should not have been awarded to Edward and physical care should have been awarded to her. This is a modification. The parties agree and we determine the fact Kathryn's residence has changed and the residences of the parties are now over 150 miles apart is a change of circumstances such as to justify modification of this decree.

Our review is de novo. Iowa R.App.P. 4.

Both parties were made joint custodians in the dissolution decree. They are each benefited in seeking physical care by the inference they have met the joint custody tests set forth in *In re Marriage of Burham*, 283 N.W.2d 269, 274 (Iowa 1979). *See In re Marriage of Leyda*, 355 N.W.2d 862, 864 (Iowa 1984). Kathryn does not challenge the quality of care the children receive in their father's home. She challenges instead Edward's attitude toward the school change and her visitation. The trial court criticized Edward for his noncommendable lack of candor in not informing Kathryn he was going to keep the children for the 1986–87 school year. We too express our disapproval of such actions. However, when viewing Edward's actions in context, we can understand his frustrations with Kathryn's indecision about whether to take the children. Letters from Kathryn to Edward show Kathryn was not entirely clear whether or not she should take the children in the fall of 1985. She took them but did not keep them. She exhibited the same indecision concerning the summer of 1986 when the children ultimately stayed with Edward.

While we understand much of Kathryn's indecision had to do with jobs and residential changes, taking care of one's children is not dependent upon what is convenient for the parent. Svea had problems because of her mother's indecision in 1985, taking her and then sending her back to her father. Children need stability rather than uncertainty.

■ Our de novo review of the record clearly convinces us the trial court was correct in placing physical care of the children with Edward. Edward has demonstrated he can provide the children with stability and contentment. He was available when Kathryn needed help during the 1985–86 school year. He was available in the summer of 1986 when Kathryn needed

time to remodel her Dakota City home. He has assumed the majority of the children's expenses since the dissolution. The best interest of the children is the controlling issue. Iowa R.App.P. 14(f)(15).

## II.

 Kathryn argues she should not have to pay child support and the amount of $150 per month per child is excessive. Kathryn's salary is $1,500 per month. The change from alternating custody to physical care with Edward is a change which justifies the addition of child support. The amount is reasonable. We affirm the trial court.

AFFIRMED.

DONIELSON, P.J., concurs.

SCHLEGEL, J., dissents.

SNELL, J., takes no part.

SCHLEGEL, Judge (dissenting).

I respectfully dissent.

It appears that the majority has elevated guile to a new level. According to the majority, frustration as to the plans of the parent entitled to custody justifies trickery and a violation of the provisions of the custody decree. At the time Edward was claiming he couldn't bring the children to Kathryn, because of car trouble, but would do so the next day, he had seen his attorney to begin proceedings to get custody. He not only was guilty of untruth, but made fraudulent promises to Kathryn in order to keep her off guard, while he completed his plans to gain custody of the children.

These, and other actions by Edward, in my opinion, did not comport with conduct in the best interests of the children. Both parties are good parents. Kathryn sought to establish a good home for the children when they were to be with her, had accomplished that goal, and was prepared to make a proper home for them, while in her custody. Apparently, Edward considered Kathryn's successful establishment of a proper home, as well as proper employment, a threat to his future custody of the children. I believe we send the wrong message by considering his conduct merely noncommendable, excusing it on the basis of unproven, presumed frustration, and rewarding his guile with success in his effort to deprive the mother of these children with the custody set out in the decree.

I would hold that there was a change in circumstances justifying modification of the custody decree, and would place the physical custody of the children with Kathryn.