### In re the MARRIAGE OF Anita HOWE and Jay E. Howe,

**Upon the Petition of Anita Howe, n/k/a Anita Gonzalez, Appellee,**

**And Concerning Jay E. Howe, Appellant.**

**90–1510.**

Court of Appeals of Iowa.

April 23, 1991.

Michael E. Marshall and Roger J. Hudson of Smith, Schneider, Stiles, Mumford,

---

Schrage, Zurek, Wimer & Hudson, P.C., Des Moines, for appellant.

Tom Hyland of Hyland, Laden & Pearson, P.C., Des Moines, for appellee.

Heard by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

HABHAB, Judge.

The respondent appeals from the ruling of the trial court that dismissed his petition which sought to modify the dissolution decree entered in this cause on June 20, 1989. We affirm.

Petitioner and respondent were married on May 4, 1968. They have two minor children: Joseph E. Howe, born April 26, 1980, and Olivia G. Howe, born September 3, 1981. Their marriage was dissolved in May of 1989.

When the marriage was dissolved, the district court approved and incorporated into the decree the joint stipulation of the parties. Under the stipulation and decree, petitioner and respondent were awarded joint legal custody of the children, with the petitioner having their physical care.

■ In his modification petition, the respondent seeks to change the physical custody arrangement from the petitioner to himself. In this respect, appellate review of an action to modify a decree of dissolution is de novo. *In re Marriage of Green*, 417 N.W.2d 252, 253 (Iowa App.1987). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but we are not bound by those findings. Iowa R.App.P. 14(f)(7). We review the entire record to determine the rights of the parties anew. *In re Marriage of Sjulin*, 431 N.W.2d 773, 776 (Iowa 1988).

■ The parent seeking to change a physical care arrangement must carry a burden similar to that of a parent seeking a change of custody. As outlined in *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983):

To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children. A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being. The heavy burden upon a party seeking to modify custody stems from the principle that once custody of children has been fixed, it should be disturbed only for the most cogent reasons.

The respondent asserts the condition since the entry of the decree that demonstrates a substantial change of circumstances is that the petitioner has moved with the children to Adel, which is forty-two miles from Greenfield, the town the children lived in at the time the dissolution decree was entered. The respondent sets forth evidence that establishes the benefits the children will be deprived of because the petitioner removed them from Greenfield. The petitioner counters with evidence that explains the pleasant living conditions the children are experiencing in Adel.

■ From our review of the record, we agree with the trial court that respondent has not established by a preponderance of the evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The moving of the children a mere distance of forty-two miles, standing alone, is not the type of change of circumstances contemplated either by statute or case law. We accordingly affirm on this issue. We also find the trial court's ruling relating to the sharing of responsibility for transporting the children back and forth between the residences of the parties to be just and equitable and therefore affirm on this issue.

■ An award of attorney fees is not a matter of right, but rests within the

court's discretion and the parties' financial positions. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle,* 312 N.W.2d 147, 150 (Iowa App. 1981). Appellant is ordered to pay $750 of appellee's attorney fees.

Costs are assessed to appellant.

AFFIRMED.