**In re the MARRIAGE OF Peggy KELLER and Eldon Keller**

**Upon the Petition of Peggy Keller, n/k/a Peggy Wickenkamp, Appellee,**

**And Concerning Eldon Keller, Appellant.**

No. 90–1786.

Court of Appeals of Iowa.

Oct. 29, 1991.

Eldon Keller, pro se.

Peggy Wickenkamp, pro se.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

SCHLEGEL, Presiding Judge.

Peggy and Eldon Keller were divorced in 1987. The dissolution decree placed the parties' two children in Peggy's physical care. The decree required Eldon to pay child support of $95 per week while both children are eligible and $55 per week when only one child remains eligible. Support was to continue until "such time as the

minor children attain the age of 18 or graduate from high school, whichever occurs last; marry, die or become legally emancipated, whichever occurs first."

Eldon, acting pro se, filed an application to modify the 1987 dissolution decree. Eldon asked that his child support obligation for the older child, Doug, be terminated and that his total child support obligation therefore be reduced from $95 per week to $55 per week. Eldon alleged that the older child has turned eighteen and is emancipated, although the child has not yet graduated from high school. Eldon also alleged the child does not actually live with Peggy and has not done so for about two years. Apparently the child has spent time living with Eldon, a maternal uncle, and unrelated friends.

On October 31, 1990, the district court entered an order declining to modify the dissolution decree as requested by Eldon. The district court determined Doug is not legally emancipated. The court also noted that Eldon's testimony indicated he would not give the $40 per week directly to Doug if he prevailed, but instead would use the money to offset insurance costs for a car operated by the child. Eldon has appealed the district court's order declining to modify the decree.

■ In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

Eldon argues that because Doug has not been living with Peggy, Eldon should not have to pay child support directly to Peggy. The record shows Doug was living with his maternal uncle at the time of the hearing and had not lived with his mother for some time. Peggy testified the money that she would get she would give to her brother with whom Doug is living. She stated that Eldon had stopped paying the support before the hearing. Eldon testified he filed his petition to terminate child support so that he could use the money "to support Doug, to help him out." He stated that he would use the money to continue to pay Doug's car insurance, give Doug at least $10 a week, and perhaps pay $50 a month in rent to Doug's uncle.

■ Doug is eighteen years old and has not finished high school. At the time of hearing Doug was going to repeat his junior year at a high school and would not graduate at that time due to poor grades. We believe the dissolution decree does not adequately provide for the present circumstances. Doug's change of residence constitutes a substantial change in circumstances warranting a modification of the dissolution decree. Iowa Code § 598.21(8) (1991); *see In re Marriage of Chesterman*, 462 N.W.2d 696, 697 (Iowa App.1990).

■ The decree at present does not realistically address the high school completion issue. We believe a father should not have to support a child for life if the child does not ever complete high school. We determine support should continue while Doug is pursuing his high school diploma or its equivalent but not after he reaches the age of twenty-two. *See* Iowa Code § 598.1(2) (1991). We also feel the support payments should be made to whomever has the care and support of the child. *See In re Marriage of Green*, 417 N.W.2d 252, 254 (Iowa App.1987). If Doug still lives with the uncle, the payments should be made through the clerk of court to the uncle. We conclude Eldon's obligation to support under Iowa Code section 598.1(2) shall last until Doug finishes high school or becomes twenty-two years of age, regardless of any emancipation.

We affirm the trial court's denial of the application to terminate child support but modify the provisions of the support obligation. Eldon's obligation will continue until Doug finishes high school, reaches age twenty-two, marries, dies, or becomes legally emancipated, whichever occurs first.

AFFIRMED AS MODIFIED.