**IN THE COURT OF APPEALS OF IOWA**

No. 13-1426
Filed July 16, 2014

**IN RE THE MARRIAGE OF ADREANNE MARIE GRAVES
AND DAVID EDWARD GRAVES**

**Upon the Petition of**

**ADREANNE MARIE GRAVES,**
　　　　Petitioner-Appellant,

**And Concerning**

**DAVID EDWARD GRAVES,**
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Warren County, John D. Lloyd,

Judge.


　　　　Adreanne Marie Graves appeals the district court order modifying the

decree of dissolution of marriage from David Edward Graves.  **AFFIRMED.**


　　　　Cami Eslick, Indianola, for appellant.

　　　　Timothy M. Duffy and Patrick W. O'Bryan, Des Moines, for appellee.


　　　　Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Adreanne Marie Graves (Annie) appeals the district court order modifying the decree of dissolution of marriage from David Edward Graves. She claims the district court should not have modified the decree to grant physical care of their children to David. We find the parties' inability to communicate and Annie's subsequent mental health issues establish a substantial change in circumstances necessitating modification of the decree. We further find David is the parent able to render better care to the children and affirm the order of the district court.

## I. Background Facts and Proceedings

The marriage between Adreanne Graves (Annie) and David Graves was dissolved by decree on August 2, 2011. Believing they could communicate effectively, the parties stipulated to shared physical care of the three children. The arrangement quickly proved unworkable.

Since the decree was entered, the parties' relationship has significantly deteriorated. There have been a number of verbal altercations, and at least one physical altercation between David and members of Annie's family. David has responded to these difficulties by completely refusing to communicate with Annie, delegating to his present wife responsibility for transferring the children between the two homes and refusing to give Annie his phone number. The oldest child has had difficulty coming to terms with the divorce, and each parent has arranged for the child to see a therapist. The parties' inability to communicate has disintegrated so significantly that David did not immediately inform Annie he was placing the child into therapy, and when Annie did the same, she did not

inform David. The parties have also had difficulty communicating regarding health issues with one of the other children.

The situation has worsened, in part, due to various difficulties in Annie's life. She has a prior history of depression, and has more recently been diagnosed with bipolar disorder, major depressive disorder, and anxiety disorder. Since the decree, she has attempted suicide on at least two separate occasions and admits she engaged in a more recent suicidal ideation in an effort to gain the attention and help of her parents. Annie's living situation is also unstable. She lives with her parents who, due to a fight within the family, are selling their home. At the time of trial, Annie had no plans for where she and the children were going to live after her parents' house is sold. She does not have a car, and has a minimum wage job. The uncertainty regarding Annie's future living situation has been difficult on the children, the oldest child in particular.

David filed his application to modify decree of dissolution of marriage on December 3, 2012. He alleged Annie's physical and mental condition prevents her from appropriately caring for the children. Annie counterclaimed and requested modification, arguing the breakdown in communication made joint physical custody of the children impossible. The district court agreed and modified the decree, finding David to be the more stable parent better able to care for the children.

## II.    Standard of Review

Our review of a decision to modify a dissolution decree is de novo. *In re Marriage of Mihm*, 842 N.W.2d 378, 381 (Iowa 2014). We are not bound by the

district court's factual determinations, though we give them weight. *Id.* We will only disturb the district court's decision where it failed to do equity. *Id.*

## III. Discussion

A change in the custodial arrangements in a dissolution decree requires evidence the conditions have materially and substantially changed since the decree was entered to such an extent modification is in the best interest of the children. *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983). Not every change in circumstances is sufficient. *Maikos v. Maikos*, 147 N.W.2d 879, 881 (Iowa 1967). A breakdown in communication between the parents can be a sufficient change in circumstances. *See In re Marriage of Rolek*, 555 N.W.2d 675, 676–77 (Iowa 1996). The parent seeking modification and custody must additionally demonstrate a superior ability to tend more effectively to the children's well-being. *Hagen v. Hagen*, 226 N.W.2d 13, 15 (Iowa 1975). The guiding principle remains the best interests of the children. *Betzel v. Betzel*, 163 N.W.2d 551, 555 (Iowa 1968). Prior cases carry little precedential value. *In re Marriage of Montgomery*, 521 N.W.2d 471, 473 (Iowa 1994).

The parties presented little argument on whether there has been a substantial and material change in circumstances, apparently agreeing the necessary conditions exist. We agree. There has been a near total breakdown in the parties' ability to communicate regarding the children, with sufficient blame for each parent. David testified Annie has harassed him and attempted to engage him in regular arguments. For his part, David has reacted in a way that made further communication impossible by changing his phone number, refusing

to give it to Annie, and asking his present wife to exchange the children with Annie. If the parties cannot communicate with one another long enough to engage in a simple exchange of the children, we cannot see how they can possibly co-parent effectively. Annie has also suffered from mental health difficulties, placing the children at risk and destabilizing their environment. The children have been further disrupted due to the uncertainty regarding Annie's future living arrangements, and her parent's reluctance to continuing to assist her with childcare.

Having determined the present situation is unworkable and modification is necessary, we turn to an examination of which parent is better able to care for the children. We find David presents a more stable home where the children can be free of the stress resulting from the current uncertainties and instability in Annie's life. David's living and professional situations are more stable and better suited to raising children, rendering him the more appropriate caregiver. In making this determination, we stress the modification and award of physical care to David is in no way a reward for his behavior or a punishment for Annie's. *See Hagen*, 226 N.W.2d at 15. Accordingly, we affirm the district court.

**AFFIRMED.**