# IN THE COURT OF APPEALS OF IOWA

No. 19-0478
Filed September 11, 2019

IN RE THE MARRIAGE OF COURTNEY R. DORE
AND TROY A. DORE

Upon the Petition of
**COURTNEY R. DORE,**
        Petitioner-Appellee,

**And Concerning**
**TROY A. DORE,**
        Respondent-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Patrick A. McElyea, Judge.

A father appeals the denial of his motion for modification of a dissolution-of-marriage decree. **AFFIRMED.**

Lynne C. Jasper, Bettendorf, for appellant.

Michael E. Motto of Bush, Motto, Creen, Koury & Halligan, P.L.C., Davenport, for appellee.

Considered by Tabor, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

A father appeals from the denial of his petition for modification of the custody provisions of a dissolution-of-marriage decree. The father argues the mother's residential and housing changes and prescription drug use are a substantial change in circumstances justifying modification. He also argues he is the parent best suited to minister to the child's wellbeing. The mother requests attorney fees and costs.

## I.      Background Facts and Proceedings

The parties' marriage was dissolved in February 2014. The parties share one child, born in 2008. The dissolution decree awarded the parties joint legal custody of the child and placed the child in the mother's physical care. The father was granted visitation every other weekend from Friday evening to Sunday evening and mid-week visitation from Thursday after school to the beginning of school Friday morning. Each parent was also granted two weeks of uninterrupted visitation over the summer. Holiday visitation was left loosely defined.

In November 2017, the mother sought modification of the child-support award. In December, the father petitioned for modification of the custody provisions of the decree. Trial was scheduled for August 10, 2018. The mother failed to appear. A default order was entered. The court again ordered joint legal custody, but modified physical care to shared care. The father's parenting time was modified to a two-week schedule—week one including Thursday from after school or 3:00 p.m. until Sunday at 5:00 p.m. and week two including Thursday from after school or 3:00 p.m. until Monday morning when he drops the child off to

school or 9:00 a.m.  The holiday and summer schedules were also more detailed than the original decree.

The day after trial, the mother petitioned the court to set aside the default and moved for a new trial.  Hearing on the matter took place in September.  At the hearing, the mother testified she worked an overnight shift the night before the hearing and attempted to sleep for one hour, but her cellular phone became unplugged, causing it to lose charge and the alarm to fail.  The court found the mother's argument satisfied the requirements of Iowa Rule of Civil Procedure 1.977,[1] and granted the motion.

Trial on the modification petition was ultimately held in February 2019.  The court noted the stability in the father's employment and housing.  It also noted the mother's life presented more instability, but her employment consistently included part-time work in the service industry.  Furthermore, the court found the mother's testimony regarding her drug use was not credible.  Both parents have extended family members who live in their respective homes, and the court was particularly impressed by the maternal grandmother, who provides stability for the child and the mother.

The court first found the father did not meet his burden to show he is the more suitable parent.  The court stated the facts showed the father to be a stable

---

[1] Rule 1.977 provides:
> On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment therein, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty.  Such motion must be filed promptly after the discovery of the grounds thereof, but not more than 60 days after entry of the judgment.  Its filing shall not affect the finality of the judgment or impair its operation.

parent, but the stability he provided was the same at the time the decree was entered and the father failed to show he is the superior parent. The court next considered whether the father established a substantial change in circumstances to justify modification. The court found no substantial change existed, stating "Changes in employment, residences, and schools are common life events" and did not rise to the level of permanent or continuous changes.

The father appeals.

## II. Standard of Review

Modification of a dissolution decree is reviewed de novo. *In re Marriage of Hansen*, 733 N.W.2d 683, 690 (Iowa 2007). "We give weight to the findings of the district court, especially to the extent credibility determinations are involved." *Id.* The party requesting modification bears the burden of proof. *In re Marriage of Frederici*, 338 N.W.2d 156, 159 (Iowa 1983).

## III. Analysis

On appeal, the father argues a number of circumstances have changed since entry of the decree in 2014. The father alleges the mother has moved a total of six times since the decree was entered, resulting in three school changes, and a fourth for the 2019–2020 school year. The father argues the final school change is due to the mother failing to timely enroll the child, but the record also indicates the school the child attended for the 2018–2019 school year closed at the end of that academic year. The father also alleges the visitation schedule set out in the 2014 decree has not been followed. He argues he or his family members who live in the home generally care for the child from Wednesday to Sunday evenings. However, at the modification trial, the father admitted that, at the time of trial, he

exercised visitation as set out in the original decree. The father alleges the mother's employment, and thus her schedule, have been unpredictable and inconsistent. He argues his stable work history allows him to better administer to the needs of the child and provide a stable schedule. The father finally argues the mother's drug use is a danger to the child. The record shows the mother has a prescription for Adderall, but she admitted to taking more than the prescribed amount due to her high tolerance of the drug. The mother also admitted to seeking to purchase both Adderall and Xanax over the internet and from co-workers.

The mother argues on appeal that nothing had substantially changed since entry of the decree in 2014, other than her request for a modification to the support award. The mother argues she resides in the same town, has experienced employment changes only to better herself or make more money, and does not abuse any substances.

> To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of children. A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being.

*Id.* at 158. We look for the placement "most likely to bring the child to healthy physical, mental, and social maturity." *In re Marriage of Courtade*, 560 N.W.2d 63, 38 (Iowa Ct. App. 1996). Residential changes after entry of a decree are generally not so unusual or substantial to be a sole ground for modification. *See Dale v. Pearson*, 555 N.W.2d 243, 254 (Iowa Ct. App. 1996). We must examine the

circumstances surrounding a residential change, including motivation for relocation and the overall impact on children. *Id.* Rare drug use by a custodial parent outside the child's presence may not necessarily be a ground for modification. *In re Marriage of Montgomery*, 521 N.W.2d 471, 474 (Iowa Ct. App. 1994) (Sackett, J., concurring specially) (discussing custodial parent's rare marijuana use). However, a custodial parent's repeated abuse of substances leading to criminal prosecution has resulted in modification. *In re Marriage of Blythe*, No. 01-2034, 2002 WL 31114761, at *2 (Iowa Ct. App. Sept. 25, 2002).

On our de novo review, we find the mother's residential and employment variations since entry of the original decree are not substantial enough to justify modification. Although the relocations have caused the child to change schools multiple times, the most recent residential change appears to be a long-term home for the child with both the mother and maternal grandmother. Furthermore, the current residence with the maternal grandmother will provide stability and is in close proximity to the child's new school. The child would have to attend a new school even if the mother had not relocated, because the prior school closed at the end of the last academic year. Moreover, although the mother has had employment changes, since the time of the original decree she continued part-time work in the service industry and has maintained evening and weekend hours. Thus, these do not represent substantial changes in circumstances since entry of the original decree.

The testimony regarding parenting time reveals that it has been inconsistent since entry of the original decree. However, because, at the time of the original decree, the mother was engaged in employment in the service industry, her

schedule is as unpredictable now as it was then. Accordingly, agreed variations to the visitation schedule to accommodate her employment are not a substantial change in circumstances to justify modification.

Here, we are troubled by the mother's admitted drug use. The mother's admissions at trial show she takes a higher dose of Adderall than prescribed, causing the mother to consume the monthly prescription well before the end of the month. The accelerated rate of consumption causes the mother to seek non-pharmaceutical sources for the drug. The mother also admitted to the use of Xanax without a prescription, and attempts to purchase the drug from co-workers. Furthermore, the district court found the mother was not a credible witness regarding her drug use. We find the mother's current overuse of prescribed drugs and her efforts to acquire more illegally presents a change in circumstances. However, "[n]ot every change in circumstances is sufficient" to modify custody. *In re Marriage of Vetternack*, 334 N.W.2d 761, 762 (Iowa 1983).

We will now consider whether the father has proved himself to be the parent who "minister[s] more effectively to the children's well being." *See Frederici*, 338 N.W.2d at 158. "Children are immediately, directly, and deeply affected by the kind and quality of home that is made for them." *Id.* at 161. When considering which parent will more effectively serve a child's best interests in a modification proceeding, courts examine the same factors used for initial custody determinations. *Dale*, 555 N.W.2d at 246.

On our de novo review of the facts and circumstances of this case in conjunction with the custody factors listed in Iowa Code section 598.41(3) (2017)[2] and *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974),[3] we find the

---

[2] The factors include:

> (a) Whether each parent would be a suitable custodian for the child.
> (b) Whether the psychological and emotional needs and development of the child will suffer due to lack of active contact with and attention from both parents.
> (c) Whether the parents can communicate with each other regarding the child's needs.
> (d) Whether both parents have actively cared for the child before and since the separation.
> (e) Whether each parent can support the other parent's relationship with the child.
> (f) Whether the custody arrangement is in accord with the child's wishes or whether the child has strong opposition, taking into consideration the child's age and maturity.
> (g) Whether one or both parents agree or are opposed to joint custody.
> (h) The geographic proximity of the parents.
> (i) Whether the safety of the child, other children, or the other parent will be jeopardized by the awarding of joint custody or by unsupervised or unrestricted visitation.
> (j) Whether a history of domestic abuse, as defined in section 236.2, exists. . . .

Iowa Code § 598.41(3)(a)–(j).

[3] The factors include but are not limited to the following:

> (1) The characteristics of each child, including age, maturity, mental and physical health.
> (2) The emotional, social, moral, material, and educational needs of the child.
> (3) The characteristics of each parent, including age, character, stability, mental and physical health.
> (4) The capacity and interest of each parent to provide for the emotional, social, moral, material, and educational needs of the child.
> (5) The interpersonal relationship between the child and each parent.
> (6) The interpersonal relationship between the child and its siblings.
> (7) The effect on the child of continuing or disrupting an existing custodial status.
> (8) The nature of each proposed environment, including its stability and wholesomeness.
> (9) The preference of the child, if the child is of sufficient age and maturity.
> (10) The report and recommendation of the attorney for the child or other independent investigator.
> (11) Available alternatives.

father has failed to establish he can more effectively minister to the child's wellbeing. There is no evidence that the child's academic performance, physical health, or mental health have suffered in her current custodial placement. The mother's current, and likely long-term, residence with the child's maternal grandmother is close to the child's school and has added stability due to the grandmother's presence. We acknowledge similar stability and support in the father's home, due to the physical presence of the paternal grandmother and a paternal aunt and cousin. However, the evidence does not show the paternal home is safer or will more effectively aid the child's wellbeing. The father certainly has a more stable employment history, but although the mother more frequently changed employers, she has consistently maintained employment. Neither parent displayed effective communication skills. It is clear, however, that each parent is individually acting to further the best interests of the child. Even if the mother's drug use were a substantial change in circumstance, the father has failed to show he is the more effective parent.

## IV.  Conclusion

We affirm the district court's denial of the father's modification petition. Each party shall pay his or her own attorney fees, and costs on appeal are assessed to the father.

**AFFIRMED.**

---

(12) Any other relevant matter the evidence in a particular case may disclose.

*In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974) (citations omitted).