In re the MARRIAGE OF Janice Lee Van Arsdale HARVEY and Harry Charles Van Arsdale Upon the Petition of Janice Lee Van Arsdale n/k/a Janice Lee Harvey, Appellant,

and Concerning Harry Charles Van Arsdale, Appellee.

No. 85–1320.

Supreme Court of Iowa.

Sept. 17, 1986.

Bryce T. Christianson and Tom W. George of Christianson, Hohnbaum & George, Des Moines and Randall G. Horstmann, Des Moines, for appellant.

Louis R. Hockenberg and Kerry Anderson of Wasker, Sullivan & Ward, Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, McGIVERIN, LARSON, and CARTER, JJ.

CARTER, Justice.

Petitioner, Janice Lee Van Arsdale, appeals and respondent, Harry Charles Van

Arsdale, cross appeals from a modification of the decree dissolving the parties' marriage. The order of modification characterized periodic payments made to Janice under the decree as "alimony" and ordered the termination thereof as a result of her subsequent remarriage.

On appeal Janice asserts: (1) that the payments were part of a property settlement, not alimony, and are therefore not subject to modification; and (2) that, in any event, the trial court should not have terminated those payments retroactively to the date Harry's application to modify was filed. On his cross appeal, Harry asserts that the trial court should have awarded him attorney fees under the provisions of Iowa Code section 598.36 (1985). He also has submitted an application for attorney fees in connection with this appeal.

The twenty-year marriage of the parties was dissolved in 1980. The dissolution decree incorporated the parties' stipulation dividing their property, providing for Janice to have custody of the parties' children, and requiring Harry to make monthly child support payments to Janice and, in addition, to make other payments to her which were denominated in the decree as "periodic payments." Those payments represented the disposition of a particular res, which was not awarded to Janice but was made a vehicle for the payment of certain of Harry's obligations. These obligations included his child support payments, his obligation to pay Janice's attorney fees, and the disputed periodic payments.

In 1983, Harry applied for a modification of the decree. He asserted that the "periodic payments" were alimony, and he asked that they be terminated as a result of Janice's remarriage. Janice filed an answer alleging that the payments were not alimony but were part of the property settlement between the parties. She asserted that for this reason they were not subject to modification. Janice filed an application for adjudication of law points under Iowa Rule of Civil Procedure 105, requesting that the court adjudicate that the periodic payments were part of the property settlement between the parties and not alimony.

This motion was assigned to the judge who had granted the decree dissolving the parties' marriage. In ruling on the motion that judge did not adopt Janice's contention with regard to the nature of the periodic payments. Rather, he entered an order adjudicating that the periodic payments *were* alimony. Trial was then held before a different judge on the issue of whether these payments should terminate as a result of Janice's remarriage. Upon hearing the evidence the court determined that the remarriage and the economic considerations attendant thereto constituted a sufficient change in circumstances that the periodic payments (adjudged to be alimony by reason of the order under rule 105) should be terminated retroactive to the date upon which Harry's petition for modification had been filed.

■ We have frequently observed that court decrees are susceptible of interpretation on the same basis as other written instruments. *Foods, Inc. v. Leffler*, 240 N.W.2d 914, 924 (Iowa 1976); *Dairyland, Inc. v. Jenison*, 207 N.W.2d 753, 754 (Iowa 1973). Equity decrees must be interpreted in light of the circumstances under which they were entered. *Hargrave v. City of Keokuk*, 208 Iowa 559, 562, 223 N.W. 274, 276 (1929).

■ With regard to whether periodic payments under a decree of divorce or dissolution should be considered to be alimony, we have stated:

Provisions made in a decree for a divorced wife do not all come within the category of alimony, at least insofar as that term envisions money which a former husband is to pay for her future support. In many cases, the settlement is an adjustment of property rights or is in lieu of dower. As such, the allowance may be considered a substitute for, or in lieu of, her rights in the husband's property as distinguished from those rights of future support.

*Knipfer v. Knipfer*, 259 Iowa 347, 353, 144 N.W.2d 140, 143–44 (1966). Notwithstanding this admonition, we are convinced that the district court was correct in characterizing the periodic payments as alimony for purposes of Harry's application to modify the decree. Virtually all of the parties' assets had been awarded to Janice under the decree except Harry's interest in the sale of a business owned by him.[1] By clear implication, the decree awarded the proceeds of this sale to Harry.

An escrow arrangement was established to facilitate payment of Harry's obligations under the decree from this res. Among those obligations were the disputed periodic payments to Janice. Based on the circumstances presented, we agree with the trial court's conclusion that these payments appear to have been intended for Janice's future support. As such, they meet the criteria of alimony under the *Knipfer* standards. *See Knipfer*, 259 Iowa at 352, 144 N.W.2d at 143. This conclusion is buttressed by the fact that the payments were to terminate upon Janice's death. While it was somewhat unorthodox to render a ruling on this issue under rule 105, the parties submitted this issue in this manner in the district court on an agreed record. Such procedure received our tacit approval in *In re Conservatorship of Lenz*, 201 N.W.2d 72, 73 (Iowa 1972). Although not labeled as such, this was the equivalent of a separate trial of the issue under Iowa Rule of Civil Procedure 186. In any event, the parties do not complain about the procedural irregularity on appeal.

On our de novo review of the record, we find that the economic change attendant to Janice's remarriage was a sufficient change of circumstances to justify the order modifying the decree so as to terminate Harry's obligation to continue the disputed periodic payments. In granting such relief, the court should not have made its order retroactive. Nullification of installment payments maturing prior to the

date the decision modifying the decree was filed is precluded under the rule recognized and applied in *Siver v. Shebetka*, 245 Iowa 965, 968–69, 65 N.W.2d 173, 175 (1954). This rule would ordinarily preclude termination of payments accruing prior to August 16, 1985. For reasons which have not been disclosed, Janice has relinquished any right to such payments subsequent to January 31, 1985. We therefore modify the decree of the district court to provide that Harry's obligation to continue the periodic payments to Janice is terminated effective on the latter date.

On Harry's cross appeal, we conclude that the district court did not err in declining to award him attorney fees under Iowa Code section 598.36 (1985). The decree is affirmed on Harry's appeal and affirmed as modified on Janice's appeal.

AFFIRMED AS MODIFIED ON APPEAL; AFFIRMED ON CROSS APPEAL.

1. A one-half interest in certain real estate awarded Janice under the decree was to be placed in trust for the parties' children.