In re the MARRIAGE OF Frank J. SHEPHERD and Debra M. Shepherd.

Upon the Petition of Frank J. SHEPHERD, Appellant,

v.

Debra M. SHEPHERD, Appellee.

No. 87–1100.

Supreme Court of Iowa.

Sept. 21, 1988.

Russel A. Neuwoehner, Dubuque, for appellant.

Larry R. Kurt, Dubuque, for appellee.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., J. Livingston Dunkle, Asst. Atty. Gen., and Christian R. Smith, Asst. County Atty., for appellee.

Considered by SCHULTZ, P.J., and CARTER, NEUMAN, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

The district court denied Frank J. Shepherd's application for modification of its

child support order for two separate and distinct reasons. First, the court held it did not have authority to grant Frank's request that his child support obligation be reduced retroactive to the date the application for modification was filed. Second, it found Frank's reduced income due to a strike was not a substantial change in circumstances because the reduction was temporary and short-term. We agree.

The application for modification filed by Frank in September of 1986 was submitted to the district court upon stipulation and agreement of the parties. It was stipulated the dissolution of marriage decree, entered in February of 1986, established child support in the amount of $150 per week based upon Frank's earnings of $475 per week as an employee of Deere & Company. Frank did not work for a period of twenty-two weeks, commencing August 22, 1986, as a result of a strike against Deere & Company. During the strike his only income was strike pay of $100 per week, from which he paid $25 per week towards his child support obligation. During the strike period, Debra M. Shepherd applied for and received Aid to Dependent Children assistance. She assigned her interests for child support to the Iowa Department of Human Services. Frank resumed payment of child support of $150 per week upon termination of the strike.

I. *Review.*

Our review of orders on applications to modify child support is de novo. We give weight to the trial court's findings of fact but we are not bound by them. *Mears v. Mears,* 213 N.W.2d 511, 515–16 (Iowa 1973); Iowa R.App.P. 4.

Authority to modify a dissolution decree is provided in Iowa Code section 598.-21(8)(a) (1987) which provides:

The court may subsequently modify orders made under this section when there is a substantial change in circumstances. In determining whether there is a substantial change in circumstances, the court shall consider the following:

(a) Changes in the employment, earning capacity, income or resources of a party.

There is no statutory provision specifying the time at which modifications become effective.

II. *Authority to Make Decrease in Support Retroactive.*

In *Delbridge v. Sears,* 179 Iowa 526, 533, 160 N.W. 218, 222 (1916), and *Kell v. Kell,* 179 Iowa 647, 651–52, 161 N.W. 634, 636 (1917), we adopted the rule that alimony or child support payments under a divorce decree may not be reduced retroactively. The court's authority to modify a divorce decree does not authorize it to divest the rights of the parties to alimony or child support accrued under the original decree. Even where a decree is modified, the payments that have accrued up to the time of modification cannot be affected. *Walters v. Walters,* 231 Iowa 1267, 1270, 3 N.W.2d 595, 596 (1942). Unless the divorce decree provides otherwise, each alimony or child support installment becomes a final judgment and lien as it became due. *Gray v. Gray,* 238 Iowa 723, 728, 27 N.W.2d 123, 126 (1947). In *Wren v. Wren,* 256 Iowa 484, 127 N.W.2d 643 (1964), we stated:

Modification of a decree for support payments operates prospectively and not retrospectively. The right to modify does not authorize the court to divest the parties of rights accrued under the original decree.... Even where a decree is modified and a change is made the payments that have accrued up to that time cannot thereby be affected.

*Id.* at 489, 127 N.W.2d at 646 (citations omitted). The award of child support or alimony has the essential qualities of a judgment, can be enforced by execution, and draws interest if not paid when due. *See Arnold v. Arnold,* 258 Iowa 850, 854, 140 N.W.2d 874, 877 (1966).

We recognize the majority rule allows the court to cancel arrearages of support accrued after the filing of an application for modification. *See Welch v. Welch,* 256 Iowa 1020, 1028, 129 N.W.2d 642, 646 (1964). However, we have rejected this

rule. In *Gilliam v. Gilliam*, 258 N.W.2d 155, 156 (Iowa 1977), we stated the court possessed no authority to exonerate liability for any or all then past-due and accrued decretal support payments. In the recent case of *In re Marriage of Harvey*, 393 N.W.2d 312, 313 (Iowa 1986), the trial court reduced the alimony payments retroactive to the date of the filing of the petition for modification. On appeal we modified the decree and stated:

> In granting such relief, the court should not have made its order retroactive. Nullification of installment payments maturing prior to the date the decision modifying the decree was filed is precluded....

*Id.* at 314. In *In the Matter of Evans*, 267 N.W.2d 48, 52 (Iowa 1978), we held accrued child support judgments entered prior to the modification order could not be cancelled or discharged although the decree was modified to reflect the ex-husband was not the child's father.

Our prior decisions have granted the court authority to make an increase in child support payments retroactive to the date of filing the petition to modify. *See Willcox v. Bradrick*, 319 N.W.2d 216, 219 (Iowa 1982) (allowed increase of child support retroactive to the date of filing of the application); *Spaulding v. Spaulding*, 204 N.W. 2d 634, 636 (Iowa 1973) (increased child support made retroactive to date the application was filed); *Cappel v. Cappel*, 243 Iowa 1363, 1367–68, 55 N.W.2d 481, 482–83 (1952) (increase of child support effective five months after filing of application but five months before the modification order). We have also recognized the court's authority to increase alimony retroactive to the filing of the petition. *See In re Marriage of Marshall*, 394 N.W.2d 392, 397 (Iowa 1986) (court stated that if trial court finds that modification is in order, the modification which would reinstate alimony payments will be effective from the filing of the petition to modify).

■ We agree with the trial court that it did not have authority to reduce child support retroactive to the date of the filing of the application for modification. This holding is consistent with our prior cases which reflect the policy of protecting the stability of court judgments and the vested interests of the parties.

We expressly overrule *In re Marriage of Olive*, 340 N.W.2d 792, 795 (Iowa App. 1983), where the court of appeals affirmed the lower court's reduction of child support retroactive to the filing date of the application for modification. We do not overrule our prior cases allowing the court to increase child support or alimony retroactive to the date of filing the application for modification.

III. *Substantial Change in Circumstances.*

■ The trial court has reasonable discretion in determining if modification of a dissolution decree is warranted. On appeal we do not disturb the trial court's conclusions unless there has been a failure to do equity. As a general rule, a modification should be granted if there has been a substantial lowering of earning power for a sustained period of time. *In re Marriage of Wahlert*, 400 N.W.2d 557, 560 (Iowa 1987).

One of the principles that has emerged from our cases is that the change in circumstances must be permanent or continuous rather than temporary. A trend in modification proceedings is that current ability to pay has become less a consideration and the long-range capacity to earn money has become more of a consideration. *In re Marriage of Vetternack*, 334 N.W.2d 761, 762–63 (Iowa 1983).

■ The trial court concluded Frank's twenty-two weeks of reduced income because of the strike was a temporary reduction of income and it denied his application to modify. We agree.

AFFIRMED.