In re the MARRIAGE OF Karen Marie Trute CHESTERMAN and William Frederick Chesterman, Jr.

Upon the Petition of Karen Marie Trute Chesterman, Appellant,

And Concerning William Frederick Chesterman, Jr., Appellee.

No. 89–1348.

Court of Appeals of Iowa.

Sept. 26, 1990.

William C. Fuerste of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellant.

Richard G. Lovig and Mary Browne McCuskey of Clemens, King & Lovig, Dubuque, for appellee.

Considered by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Appellant Karen Marie Trute Chesterman appeals the district court's granting of appellee's motion for modification of child support. We affirm.

The marriage of Karen and William Chesterman was dissolved in May 1988. The district court awarded the parties joint custody of their only minor child, John, with Karen having primary physical care. The decree directed William to pay Karen $400 per month in child support. This support obligation was to last until John finished high school or until the age of twenty-two if John engaged in post-secondary education.

On October 6, 1988, John voluntarily moved from Karen's residence to William's house. William ceased child support payments and in November of 1988 filed the present petition to modify the decree, seeking the elimination of his child support obligation retroactive to October 1988. John turned eighteen in December and was due to graduate from high school in May of 1989.

The district court in its ruling of May 4, 1989, found John's move from Karen's residence to William's house constituted a substantial change in circumstances warranting modification of the dissolution decree. While noting that it lacked the authority to retroactively reduce William's child support obligation, the district court nonetheless ordered Karen to pay $500 per month in child support from December 1988 through May 1989. Commencing June of 1989, Karen was ordered to pay $100 per month child support for John so long as John was enrolled in a post-secondary educational program, but in no event was the support to extend beyond John's twenty-second birthday. William's support obligation was continued at its current level of $400 per month, but William was to make the payments directly to John. Karen has appealed from the modification order.

Our review of orders on applications to modify child support is de novo. Iowa R.App.P. 4. While we accord weight to the trial court's findings of fact, we are not bound by them. Iowa R.App.P. 14(f)(7).

## I.

■ Karen first challenges the trial court's finding that John's change of residence from Karen's house to William's residence was a substantial change in circumstances such that would justify modification of the dissolution decree. *See* Iowa Code § 598.21(8). Upon entry of the dissolution decree, Karen was awarded primary physical care of John. In September of 1988, suffering from emotional stress, John voluntarily checked himself into the hospital. After his hospitalization, John chose to move in with William. John has continued to reside with his father since October 6, 1988. We concur with the district court's determination that John's change of residence constitutes a substantial change in circumstances warranting modification of the dissolution decree. *See In re Marriage of Green*, 417 N.W.2d 252, 254 (Iowa App.1987).

## II.

Karen also asserts the trial court's support obligation runs afoul of the prohibition on retroactive reduction of child support awards upon modification. *See In re Marriage of Shepherd*, 429 N.W.2d 145, 147 (Iowa 1988). As we have noted:

Modification of a decree for support payments operates prospectively and not retrospectively. The right to modify does not authorize the court to divest the parties of rights under the original decree. Even where a decree is modified and a change is made the payments that have accrued up to that time cannot thereby be affected.

*In re Marriage of Mills*, 441 N.W.2d 416, 418 (Iowa App.1989) (quoting *Vrban v. Levin*, 392 N.W.2d 850, 852 (Iowa App. 1986)) (citations omitted); *see In re Marriage of Sheperd*, 429 N.W.2d at 146; *Gilliam v. Gilliam*, 258 N.W.2d 155, 156 (Iowa 1977); *Wren v. Wren*, 256 Iowa 484, 489, 127 N.W.2d 643, 646 (1964).

■ We agree with the appellant that the district court was without authority to excuse past due and accrued child support payments. *See In re Marriage of Sheperd*, 429 N.W.2d at 147; *In re Marriage of Harvey*, 393 N.W.2d 312, 313 (Iowa 1986). But a review of the trial court's ruling reveals that it did not do so. The trial court was clear in its ruling that it had no authority to nullify the support obligations of the appellee. In fact, the trial court left untouched the appellee's support obligation of $400 per month.

What the trial court did was to require the appellant to pay support for her child retroactive to the date of appellee's filing his petition for modification. The question then before us is whether this ruling was proper.

The evaluation of a child support award is guided by the factors listed in Iowa Code section 598.21(4). The amount awarded is for the reasonable and necessary support of the child. Iowa Code § 598.21(4). The obligation to support should be apportioned according to the ability of each parent to contribute. *In re Marriage of Bornstein*, 359 N.W.2d 500, 504 (Iowa App.1984). Since both parents have a duty to support

their children, we look to needs of the child and the ability of each parent to contribute.

When we review the financial circumstances of the appellant, we agree with the trial court that she has the ability to contribute towards the support of her child in the amounts designated. We reach this result after examining the record and finding the appellant has gross income of $1,850 per month and, after deducting federal and state income taxes and FICA, a disposable income of $1,639.26. In addition, it cannot go unnoticed that she has judgment against the appellee for support payments that accrued during the period of time he had custody of John.

We also affirm the trial court in its holding requiring the appellant to pay support retroactive to the date of the filing of the modification petition. As the court stated in *In re Marriage of Sheperd*, 429 N.W.2d at 147:

> Our prior decisions have granted the court authority to make an increase in child support payments retroactive to the date of filing the petition to modify.

■ The appellant contends that *Sheperd* and those cases upon which it relies are distinguishable from the case at bar for in those cases the court authorized an increase of a preexistent child support obligation. The appellant then argues that since at the time of the filing of the modification petition she was under no court order to provide support that the trial court's modification order to pay child support can only act prospectively. We disagree. In doing so, we hold that the court does have the authority to require payment of child support retroactive to the date of the filing of the modification petition even in those circumstances when the dissolution decree created no obligation to pay child support.

### III.

■ Finally, William seeks appellate attorney fees. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making

the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App. 1981). We decline to award either party attorney fees for this appeal. Costs of this appeal are assessed to appellant.

AFFIRMED.

OXBERGER, C.J., concurs.

SACKETT, J., concurs in part and dissents in part.

SACKETT, Judge (concurring in part and dissenting in part).

I concur in part and dissent in part. I concur with the majority in all respects except for their decision to affirm the award of child support for John to William retroactively. In affirming this award, the majority is ordering Karen to pay child support for a period when she was custodian of John under the decree, had a home available for John, and was opposed to John living with William.