STATE of Iowa, ex rel., Kevin Ray Le-
CLERE, A Minor, By Linda Marie Le-
CLERE, His Mother and Next Friend,
Appellee,

v.

Keith JENNINGS, Appellant.

No. 93–1439.

Court of Appeals of Iowa.

Aug. 25, 1994.

Richard D. Raymon and Todd P. Forsythe, Cedar Rapids, for appellant.

Mitchell E. Turner of Fisher, Ehrhart, McCright & Turner, Cedar Rapids, for appellee.

Considered by DONIELSON, C.J., and SACKETT and HUITINK, JJ.

DONIELSON, Chief Judge.

The record in this case reveals Kevin Ray LeClere was born April 27, 1991. On June 6, 1991, a petition to establish paternity and support was filed by Kevin's mother, Linda Marie LeClere, against Keith Jennings. On January 16, 1992, Jennings consented to entry of an order adjudicating his paternity of the child. On July 20, 1992, Keith Jennings consented to the entry of an order of permanent support. The order specified he was able and consented to pay child support in the amount of $352 per month.

On April 12, 1993, Jennings filed an application for modification of the child support order. In his application Jennings claimed there had been a substantial change in material circumstances with regard to his earning capacity and ability to pay support. Jennings asserted he had incurred a substantial drop in income not contemplated when the child support order was entered.

Trial on Jennings' application was held on September 14, 1993. Jennings argued the July 1992 support order was improperly based upon his 1991 income as a self-employed painter. In 1991 Jennings' net income was $18,632. He contended his income

in 1991 was unusually high and he incurred a net loss of twenty-seven dollars in 1992. He claimed his income in 1993 would be no better as the market for house painters had become slow.

The trial court entered its ruling on September 23, 1993, and it ruled Jennings had failed to demonstrate a substantial change in circumstances sufficient to justify modification of the child support order. The trial court believed Jennings still had the earning capacity and ability to pay support, however, he had not taken advantage of opportunities available to him. The trial court found Jennings' testimony about his earnings conflicted with other credible evidence concerning his financial situation and earning capacity. The trial court awarded Linda LeClere attorney fees in the amount of $825. Jennings appeals.

■■■ Our review of an order on an application to modify child support is de novo. *In re Marriage of Shepherd* 429 N.W.2d 145, 146 (Iowa 1988). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7). A trial court has reasonable discretion in determining if modification of a dissolution decree is warranted. *Shepherd,* 429 N.W.2d at 147. On appeal we do not disturb a trial court's conclusions unless there has been a failure to do equity. *Id.*

■■■ As a general rule a modification should be granted if there has been a substantial lowering of earning power for a sustained period of time. *Id.* However, this principle does not apply when the inability to pay child support is self-inflicted or voluntary, *In re Marriage of Powell,* 474 N.W.2d 531, 534 (Iowa 1991); *In re Marriage of Dawson,* 467 N.W.2d 271, 275 (Iowa 1991), or where the obligor is not otherwise living up to his earning capacity. *See e.g., In re Marriage of Wahlert,* 400 N.W.2d 557 (Iowa 1987).

The authority to modify dissolution decrees is found in section 598.21(8) of the Iowa Code. The Iowa Supreme Court has set forth a number of principles to be considered in determining if a support order should be modified: 1) there must be a substantial and material change in circumstances after the entry of the decree; 2) not every change in circumstances is sufficient; 3) it must appear continued enforcement of the original decree would, as a result of the changed conditions, result in a positive wrong or injustice; 4) the change in circumstances must be permanent or continuous rather than temporary; 5) the change in financial conditions must be substantial; and 6) the change in circumstances must not have been within the contemplation of the trial court when the original decree was entered. *In re Marriage of Vetternack,* 334 N.W.2d 761, 762 (Iowa 1983). With respect to applications to reduce child support there are three discernible trends: 1) there is a growing reluctance to modify decrees; 2) current inability to pay has become less of a consideration and long range capacity to earn money has become more of a consideration; and 3) any voluntariness in diminished earning capacity has increasingly become an impediment to modification. *Id.* at 763.

■■■ From our review of the record it appears the trial court acted well within its discretion in concluding Jennings' application should be denied. We find the evidence does not support a reduction in the child support award nor its recalculation based upon Jennings' earnings over a five-year period.

Jennings voluntarily consented to entry of the $352 a month support obligation in July 1992—well after he had lost his major painting account. As evidenced by his "Attachment to Financial Statement" filed with the court on December 10, 1991, Jennings had anticipated a reduction in his income in 1992, yet he proceeded to consent to entry of the $352 a month support order. This matter was within the contemplation of the trial court when it entered the July 20, 1992, order of support. Furthermore, as the trial court found, it appears Jennings has not taken advantage of employment opportunities available to him, e.g. rejoining the painters' union, formally applying for employment with others or utilizing additional advertising options for his own painting business.

Jennings declined to produce requested business records to substantiate his claim of reduced income and the testimony of another

painting contractor soundly refuted Jennings' assertions regarding the availability of painting work. Jennings' lifestyle, relatively good credit record, and secretion of substantial funds in a safe deposit box contradict his assertion of an inability to meet his present support obligation.

Jennings asserts there was an agreement his support obligation would be reviewed and modified annually based on his tax returns. This argument is not supported by the evidence. Jennings produced no evidence other than his own testimony to support his contention. The child's mother testified no such agreement existed and a review of the court file reveals no language was included in Jennings' consent agreement or in the support order which requires annual modification. In fact, the consent agreement specifies the $352 monthly support payments are to continue until the child becomes eighteen years of age. The only reference to modification is language which directs that the amount of support can be modified by order of the court upon a showing of a substantial change in circumstances.

 Jennings appeals the trial court's order requiring him to pay $825.27 of the mother's trial court attorney fees. Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles,* 338 N.W.2d 544, 546 (Iowa App.1983). To overturn an award the complaining party must show the trial court abused its discretion. *Id.* Based on our review of the record we cannot find any abuse of discretion in the trial court's award of attorney fees.

 The child's mother has requested appellate attorney fees. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle,* 312 N.W.2d 147, 150 (Iowa App. 1981). Counsel for the child's mother has filed an itemization of the $1,581.66 of attorney fees incurred in defending the trial court's decision on appeal. We conclude the circumstances of this case warrant an award of appellate attorney fees to the appellee and order Jennings to pay all of her $1,581.66 of appellate attorney fees.

**AFFIRMED.**