## IN THE COURT OF APPEALS OF IOWA

No. 15-0883
Filed June 15, 2016

IN RE THE MARRIAGE OF STEPHEN WILLIAM CONNOLLY
AND SHERRY ANN CONNOLLY

Upon the Petition of
STEPHEN WILLIAM CONNOLLY,
    Petitioner-Appellee,

And Concerning
SHERRY ANN CONNOLLY,
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Richard B. Clogg, Judge.

Sherry Connolly appeals the district court order terminating her alimony award. **AFFIRMED.**

Lynne Wallin Hines, Des Moines, for appellant.

Robb D. Goedicke of Cooper, Goedicke, Reimer & Reese, P.C., West Des Moines, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Stephen and Sherry Connolly divorced after twenty-six years of marriage. The district court granted Sherry $1900 per month in alimony until she turned sixty-six years old, remarried, or died.

Several years later, Stephen applied to terminate his spousal support obligation. Following a hearing, the district court determined "there ha[d] been a substantial change in material circumstances that [was] more or less permanent in that Sherry ha[d] cohabitated with her fiancé." The court concluded Sherry "failed to prove a need for continued support from Stephen" and terminated his alimony obligation.[1] Sherry appealed.

"Cohabitation" occurs when unrelated people live together in the manner of husband and wife.[2] "[C]ohabitation can affect the recipient spouse's need for spousal support and is therefore a factor to consider in determining whether there has been a substantial change in circumstances warranting modification." *In re Marriage of Ales*, 592 N.W.2d 698, 703 (Iowa Ct. App. 1999). "[O]nce the payor raises and proves cohabitation as a substantial change of circumstance . .

---

[1] The order was entered five days after the effective date of the termination. Sherry does not challenge this short retroactive termination. *See In re Marriage of Johnson*, 781 N.W.2d 553, 559 (Iowa 2010) ("Our courts have no authority to retroactively decrease a spousal support award to the date of the filing of the application for modification. . . . This rule is based on the premise that each installment payment of a spousal support award in the original decree becomes a binding final judgment when it comes due and cannot be decreased until a subsequent judgment is entered decreasing the original award. . . . [W]e have consistently terminated spousal support payments prospectively, from the date the trial court issued its modification ruling.").

[2] *In re Marriage of Harvey*, 466 N.W.2d 916, 917 (Iowa 1991) defines cohabitation as occurring between people of the opposite sex. We presume this language no longer applies. *See Varnum v. Brien*, 763 N.W.2d 862, 907 (Iowa 2009) ("[T]he language in Iowa Code section 595.2 limiting civil marriage to a man and a woman must be stricken from the statute, and the remaining statutory language must be interpreted and applied in a manner allowing gay and lesbian people full access to the institution of civil marriage.").

. the burden will shift to the recipient to show why spousal support should continue in spite of the cohabitation because of an ongoing need, or because the original purpose for the support makes it unmodifiable." *Id.*

Sherry concedes she dated a man for four years, became engaged to him two years before the modification hearing, and cohabited with him for almost one year prior to the modification hearing. She does not seriously dispute that the cohabitation amounted to a substantial change of circumstances. Instead, she argues "[s]pousal support should continue in spite of the cohabitation because of [her] ongoing need."

Our de novo review of the record discloses the following pertinent facts. Prior to cohabiting, Sherry had home-related expenses of $1550 per month. Sherry listed her home for sale four months after becoming engaged. When it sold, she moved in with her fiancé. She paid no rent or utilities. Although she testified she maintained separate finances, she conceded her fiancé covered other joint expenses such as dinners at restaurants. She also admitted having the ability to pay down some of her own debts. While her earnings declined after she began cohabiting, they were not significantly less than her earnings when she divorced and, accordingly, were within the contemplation of the parties at the time of the decree.

We conclude the district court acted equitably in terminating Sherry's spousal support. Accordingly, we affirm the modification ruling.

**AFFIRMED.**