## IN THE COURT OF APPEALS OF IOWA

No. 18-1585
Filed January 23, 2020

IN RE THE MARRIAGE OF ANDREW J. VAN FLEET
AND BRENDA JEAN VAN FLEET

Upon the Petition of
ANDREW J. VAN FLEET,
        Petitioner-Appellant,

And Concerning
BRENDA JEAN VAN FLEET,
        Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.


Andrew Van Fleet appeals from an order modifying the physical care provisions of the decree dissolving his marriage to Brenda Van Fleet. **AFFIRMED.**


Billy J. Mallory of Brick Gentry, P.C., West Des Moines, for appellant.

Lisa A. Allison of Allison Law Firm, LLC, Des Moines, for appellee.


Considered by Bower, C.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**MAHAN, Senior Judge.**

Andrew Van Fleet appeals from an order modifying the physical care provisions of the decree dissolving his marriage to Brenda Van Fleet. Upon our de novo review, we agree modification is appropriate under the facts of this case and we affirm.

## I. *Background Facts and Proceedings*

Andrew and Brenda divorced in 2008. They agreed to share joint legal custody and alternating-week physical care of their two children, P.D. and G.M., born in 2000 and 2002.

In 2015, the family came to the attention of the department of human services upon reports that Andrew was "huffing" nitrous oxide and had overdosed while the children were in his care. Andrew acknowledged this occurred but explained the problem was caused by his wife giving him sleeping pills without his permission, in combination with his use of nitrous oxide. The department issued a founded assessment against Andrew but considered it to be an "isolated incident" that was "unlikely to reoccur."

In 2016, the department again became involved with the family upon reports of Andrew's erratic behavior, substance abuse, and physical restraint of P.D. The department issued a founded assessment against Andrew for failure to provide proper supervision and allowing access to obscene material. The department informed Brenda it would not take action to remove the children if she could obtain physical care through the district court.

Meanwhile, police executed a search warrant at Andrew's home, precipitating the filing of a trial information charging him with possession of a

controlled substance with intent to deliver, possession of a controlled substance, and prohibited acts. Andrew pled guilty to possession of marijuana. Andrew conceded there was marijuana in his home, as well as "infused butter that I had forgotten about in my freezer from two years ago."

Brenda petitioned to modify the decree to order sole legal custody of the children with her. Brenda also filed an application to suspend Andrew's visitation, which the court denied. The State then initiated child-in-need-of-assistance proceedings, and the juvenile court entered an order removing the children from Andrew's care. The children were adjudicated in need of assistance. Andrew was ordered to participate in mental-health and substance-abuse treatment and abstain from drug use. The juvenile court entered dispositional and review orders confirming removal of the children from Andrew's care. In September 2017, the juvenile court granted concurrent jurisdiction to the district court so that the modification action could proceed. The juvenile case was set to automatically close in April 2018, pending a modification to the parties' custody order.

The district court entered an order on temporary matters, placing the children in Brenda's physical care and providing Andrew two, unsupervised overnight visits per week. The court denied Andrew's request to require P.D. to visit him.

Trial took place over two days in June 2018, and the court entered an order for modification in August. At that time, P.D. was seventeen years old and chose to have no contact with Andrew. G.M. was sixteen years old and maintained "consistent communication" with Andrew. The district court entered an order for modification, concluding "shared physical care is no longer realistic." However,

the court noted its concern "that an award of sole custody of P.D. and G.M. to Brenda will deprive the children of their last opportunity to forge a meaningful, safe, and healthy relationship with Andrew, and vice-versa, before becoming adults." The court ordered the parties to maintain joint legal custody, Brenda to have physical care of the children, and Andrew to have liberal visitation with G.M. Andrew appealed.

## II.    Scope and Standard of Review

We review modification actions de novo.  Iowa R. App. P. 6.907; *In re Marriage of Johnson*, 781 N.W.2d 553, 554 (Iowa 2010).  We give weight to the fact findings of the district court, especially in determining witness credibility, but are not bound by them.  *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015).

## III.    Discussion

The party seeking modification of a dissolution decree bears a heavy burden.  *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983).  This is because once the custody and care of children has been fixed, it should be disturbed only for the most cogent reasons.  *Id.*  The children's best interests are the "controlling consideration."  *Cf. Hoffman*, 867 N.W.2d at 32 (citation omitted).

> To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change.  The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary.  They must relate to the welfare of the children.  A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being.

*Id.* (quoting *Frederici*, 338 N.W.2d at 158).

On appeal, Andrew contends the only evidence before the court was the testimony of the parties,[1] which "did not establish a substantial change in circumstances" warranting modification of the decree. Andrew's claim is unpersuasive. Andrew conceded to using nitrous oxide while caring for the children, but he testified the children have "never been unsafe." He conceded he had marijuana in his home, but he testified he was keeping it there for P.D. Andrew has been the subject of several founded child abuse assessments. The children were adjudicated in need of assistance and removed from his care. The record clearly supports the district court's finding that "starting in 2015 Andrew made choices that were not in the children's best interests or his own best interests," which amounted to a material and substantial change in circumstances.

The record also supports the court's conclusion that Brenda had established she was better able to care for the children. We concur with the court's finding that Brenda is "the more stable parent." The court found the children "are entitled to a custodial decision that fosters their best interest yet creates as little additional upheaval for them as possible. Under the record presented that means they

---

[1] Andrew argues the court did not take judicial notice of the juvenile court proceedings so those proceedings "should not be considered on review." In contrast, at trial, Brenda's attorney asked the court to "take judicial notice of the underlying juvenile and criminal matters," and the court stated, "You'll have to [point out specific documents] because when I take judicial notice, to me, that means I'm just aware of the file. In terms of picking out what's relevant in the file, that's for you to tell me. So that is the way we will proceed with that." Andrew responded, "That was actually my intent also. I wasn't aware that the JV cases were not part of the docket." We, like the district court, have considered those facts and circumstances relevant from the juvenile and criminal proceedings in determining whether modification is appropriate in this case.

should remain in Brenda's care, with liberal visitation for Andrew." On our de novo review, we agree with the court's conclusion. Accordingly, we affirm.

**AFFIRMED.**