# IN THE COURT OF APPEALS OF IOWA

No. 13-1365
Filed May 14, 2014


IN RE THE MARRIAGE OF LORI ELLEN STURDY
AND RONALD JAMES SAMPSON

Upon the Petition of
LORI ELLEN STURDY,
        Petitioner-Appellant,

And Concerning
RONALD JAMES SAMPSON,
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Cedar County, Mark Smith, Judge.


        Lori Sturdy appeals the order modifying the spousal support provisions of

the decree dissolving the parties' marriage. **AFFIRMED AS MODIFIED.**



        Bradley L. Norton of Bradley L. Norton, P.L.C., Clarence, for appellant.

        Landon R. Dufoe of Thinnes & Dufoe Law Offices, Cedar Rapids, for

appellee.



        Considered by Vaitheswaran, P.J., Bower, J., and Eisenhauer, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

Lori Sturdy appeals the order terminating the spousal support payments she was awarded in the decree dissolving her marriage to Ronald Sampson. She contends the spousal support obligation does not terminate upon her cohabitation and, even if it does, she is not cohabiting. In the alternative, she contends extraordinary circumstances justify continuing the spousal support payments and asks for the payments to be increased. Finally, Lori contends the district court erred in determining the date on which the support payments should terminate and in declining to award her trial attorney fees. Both parties request an award of appellate attorney fees.

**I. Background Facts and Proceedings.** The parties' marriage was dissolved on July 31, 1998. Because Lori is permanently disabled, the decree ordered Ronald to pay Lori $500 per month in traditional spousal support, to continue "until [Lori] dies or remarries or cohabits with another in a manner similar to marriage, whichever event occurs first." Following an appeal, this court modified the spousal support obligation, reducing it to $400 per month and providing the support should end "at such time as Ronald reaches sixty-five years of age or begins to draw retirement social security whichever should occur first." *In re Marriage of Sturdy*, No. 98-1587, 1999 WL 710827, at *3 (Iowa Ct. App. 1999).

Ronald has not made any spousal support payments to Lori since February 1, 2012. In May 2012, Lori filed an application for rule to show cause, asking the court to find Ronald in contempt for nonpayment. At a hearing on the application, Ronald provided evidence Lori was cohabiting with a man in a

manner similar to marriage. The court denied the application on June 26, 2012, finding Lori failed to prove Ronald willfully refused to comply with the decree.

On February 21, 2013, Ronald filed an application to terminate his spousal support obligation, citing Lori's cohabitation as the basis. Lori moved to dismiss the action, arguing the provisions for terminating spousal support set forth in our decision on appeal replaced the provisions set forth in the original decree. The district court denied the motion after concluding this court's modification added to the terms provided in the original decree, rather than replacing them.

> No purpose would be served by continuing alimony past the death of the recipient spouse in the circumstances presented in this case. Clearly, the Court of Appeals did not intend that alimony continue past the recipient spouse's death. Therefore, the terms for termination of alimony contained in the Court of Appeals' decision are additional to and not replacements for the termination conditions established in the trial court decree.

Lori then answered, asking the court to continue the spousal support payments or increase them due to the worsening of her medical condition, the increase in her expenses, and her inability to meet her daily needs on her disability payments alone.

The matter was heard on July 23, 2013. In its July 25, 2013 order, the court found Lori had been cohabiting in a manner similar to marriage "for years predating the secession of alimony payments in February 2012." The court noted Lori's disability and social security income were considered at the time the original decree was entered, and spousal support was contingent upon Lori not cohabiting in a manner similar to marriage. As a result, the court terminated the spousal support obligation retroactively—"effective February 28, 2012."

Lori appeals.

**II. Scope and Standard of Review.** We review the court's ruling de novo. *See* Iowa R. App. P. 6.907; *In re Marriage of Ales*, 592 N.W.2d 698, 701 (Iowa Ct. App. 1999). We give weight to the district court's fact findings, especially when considering witness credibility, but we are not bound by them. Iowa R. App. P. 6.904(3)(g). We will disturb the ruling only if there has been a failure to do equity. *In re Marriage of Sisson*, 843 N.W.2d 866, 870 (Iowa 2014).

**III. Analysis.** Lori first asserts the court erred in determining Ronald's spousal support obligation terminates upon her cohabiting in a manner similar to marriage. She argues this court's modification of the spousal support award replaced the terms set forth in the original decree and is the exclusive means by which the support obligation would terminate. We disagree. As the district court noted, this interpretation would also remove Lori's death as a ground for terminating spousal support. It is clear the two new bases for cessation provided in this court's modification added to—rather than replaced—the terms already included in the decree.

We also find Lori is cohabiting in a manner consistent with marriage. Cohabitation is shown where the evidence establishes an unrelated person of the opposite sex lives or resides in the dwelling house of the former spouse, they live together in the manner of husband and wife, and there is unrestricted access to the home as is ordinarily enjoyed in a conventional husband and wife relationship. *In re Marriage of Harvey*, 466 N.W.2d 916, 917 (Iowa 1991). Here, Lori testified she and Jim Stiff live together and have been intimate with each other, and their friends and family would consider them to be a couple. She has a key to the home, allowing her to come and go as she pleases. Her name was

also listed with Jim's in newspaper obituaries in the same manner as spouses are typically listed.

Once cohabitation has been established, the burden shifts to Lori to show spousal support should continue in spite of the cohabitation due to an ongoing need. *See Ales*, 592 N.W.2d at 703. This burden is a heavy one. *In re Marriage of Wendell*, 581 N.W.2d 197, 200 (Iowa Ct. App. 1998). Lori cites her worsening medical condition and the meager amount of her disability payments, both of which were the basis for the original award, as justification for continued support. However, there is scant evidence to determine Lori's financial need. Lori's disability benefit statement shows she receives a $1388.90 disability benefit each month. After Medicare deductions, Lori receives a $1262.40 payment. Lori is responsible for paying monthly expenses of $140 for rent, $95 for the cable bill, and $25 for prescription drug costs. She estimates she pays an additional $550 for food and incidentals. She does not own a vehicle but drives one of Jim's "off and on" when she needs to. Lori testified that she and Jim maintain separate bank accounts, and there is no evidence as to what, if any, contribution Jim provides to Lori's financial needs. Regardless, on this record we are unable to find Lori has shown an "extraordinary circumstance" requires continued support. *See id.* at 199 (stating the recipient of spousal support resisting its termination has the burden to show "extraordinary circumstances" to justify its continuation).

Having found the record supports terminating the spousal support award, we must now consider whether retroactive application is appropriate. Lori argues support modifications are limited to three months after the date the opposing party receives notice of the modification action, citing to Iowa Code section

598.21(C)(5) (2013). This provision applies only to child support modification. Iowa Code § 598.21(C)(5). However,

> our courts have no authority to retroactively decrease a spousal support award to the date of the filing of the application for modification unless and until the legislature gives the courts the authority to do so. This rule is based on the premise that each installment payment of a spousal support award in the original decree becomes a binding final judgment when it comes due and cannot be decreased until a subsequent judgment is entered decreasing the original award. This rule is true even though a change of circumstances may have occurred prior to the entry of the modification decree. Consequently, we have refused to retroactively terminate spousal support awards upon a party's remarriage; instead, we have consistently terminated spousal support payments prospectively, from the date the trial court issued its modification ruling.

*In re Marriage of Johnson*, 781 N.W.2d 553, 559 (Iowa 2010) (citations omitted); *see also In re Marriage of Wessels*, 542 N.W.2d 486, 490 (Iowa 1995) (noting retroactive modification of spousal support is inappropriate when the level of alimony is decreased or terminated). Accordingly, the appropriate date for terminating the spousal support award is July 25, 2013, the date the modification ruling was entered. We modify the court's ruling to terminate spousal support on this date.

Lori also appeals the district court's denial of her request for $3000 in trial attorney fees. We review a district court's decision on attorney fees for abuse of discretion. *In re Marriage of Michael*, 839 N.W.2d 630, 635 (Iowa 2013). Iowa Code section 598.36 allows the court to award attorney fees in a modification proceeding "to the prevailing party." Because Ronald is the prevailing party, we affirm the denial.

Finally, both parties request they be awarded their appellate attorney fees. An award of attorney fees on appeal is not a matter of right, but rests within the discretion of the court. *In re Marriage of Benson*, 545 N.W.2d 252, 258 (Iowa 1996). We consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the district court's decision on appeal. *In re Marriage of Wood*, 567 N.W.2d 680, 684 (Iowa Ct. App. 1997). With these factors in mind, we award Lori $500 in appellate attorney fees. Costs of the appeal are taxed one half to each party.

**AFFIRMED AS MODIFIED.**