# IN THE COURT OF APPEALS OF IOWA

No. 19-0136
Filed December 18, 2019

IN RE THE MARRIAGE OF LILLIANA CASTANO CARTER
AND JEFFREY WILLIAM CARTER

Upon the Petition of
LILLIANA CASTANO CARTER,
    Petitioner-Appellee,

And Concerning
JEFFREY WILLIAM CARTER,
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.

Jeffrey William Carter appeals the order awarding Lilliana Castano Carter attorney fees and costs incurred during the parties' divorce proceedings. **AFFIRMED.**

Shayla L. McCormally and Kolby P. Warren of McCormally & Cosgrove, P.L.L.C., Des Moines, for appellant.

Alexander E. Wonio of Hansen, McClintock & Riley, Des Moines, for appellee.

Considered by Potterfield, P.J., Doyle, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

Jeffrey William Carter appeals the order awarding Lilliana Castano Carter $101,746.13 in attorney fees and costs incurred during the parties' divorce proceedings. The decision to award attorney fees in dissolution cases is within the discretion of the district court. *See In re Marriage of Francis*, 442 N.W.2d 59, 67 (Iowa 1989). We will only disturb an award of attorney fees if the court abused that discretion. *See id.*

Jeffrey contends the district court abused its discretion in awarding Lilliana attorney fees, advancing several arguments. He claims Lilliana is not entitled to an award of attorney fees because "she was ultimately unsuccessful in her demands" and "protracted the proceedings." He also claims the parties' respective financial positions weigh against awarding Lilliana her attorney fees. Finally, he argues the district court focused solely on his noncompliance during the discovery process in deciding to award Lilliana her attorney fees and claims the award was not fair or reasonable. We disagree.

We first reject Jeffrey's claim that Lilliana has no right to an award of attorney fees because she was "unsuccessful." Attorney fees are only limited to the prevailing party in modification proceedings. *See In re Marriage of Johnson*, 781 N.W.2d 553, 559-60 (Iowa 2010) (noting Iowa Code section 598.36 (2007) only allows an award of attorney fees to the prevailing party in a proceeding seeking modification of a decree). Because this action involved an original dissolution proceeding rather than a modification, success is not required.

The court may consider a party's conduct to draw out or frustrate the proceedings in deciding to award attorney fees. *See In re Marriage of Crosby*, 699

N.W.2d 255, 259 (Iowa 2005) (considering husband's lack of cooperation in selling the home and providing discovery in determining district court acted within its discretion in awarding wife's attorney fees); *In re Marriage of Eilers*, 526 N.W.2d 566, 579 (Iowa Ct. App. 1994) (considering wife's conduct that "precipitated many of the problems in this case" as a reason to deny her request for attorney fees); *In re Marriage of Dunkerson*, 485 N.W.2d 483, 486 (Iowa Ct. App. 1992) (affirming district court's award of trial attorney fees to wife where husband's "representations created additional and unnecessary increases in attorney services"). Jeffrey claims Lilliana protracted the proceedings. But the district court found Jeffrey was less than forthcoming about his finances, which forced Lilliana's attorney and experts to "wade through financial records" to find information Jeffrey could have provided. The court properly considered Jeffrey's conduct, which increased Lilliana's attorney fees and expenses, in awarding Lilliana attorney fees.

Jeffrey claims the parties' respective financial positions weigh against an award of Lilliana's attorney fees. *See In re Marriage of Geil*, 509 N.W.2d 738, 743 (Iowa 1993) (stating an award of attorney fees is "based on the parties' respective abilities to pay"). In assessing the parties' respective abilities to pay, we consider "the financial circumstances and earnings of each." *In re Marriage of Wessels*, 542 N.W.2d 486, 491 (Iowa 1995). Jeffrey's financial circumstances were difficult to determine given his endeavors as a venture capitalist and his failure to provide information about how many companies he has an interest in or their true value. As a result, the district court declined to award Lilliana any portion of his business interests but stated it would "consider these business assets in the discussion of spousal support and attorney[] fees." The evidence supports that decision.

Although Jeffrey claims that Lilliana has the greater ability to pay her attorney fees because she received more liquid assets, Lilliana received only her retirement accounts and an equalization payment totaling $129,400 to compensate her for her share of the assets awarded to Jeffrey. Jeffrey admits that his earning capacity is higher than Lilliana's, and he has security investment accounts with funds valued over $1,000,000. Although the court recognized the tax consequences of withdrawing the funds would lessen the value, it also expected that Jeffrey would use those funds to satisfy equalizing payments and his spousal support obligation. Thus, the record supports a finding that Jeffrey is in a superior financial position than Lilliana and can pay her attorney fees along with his own.

Jeffrey complains the award of attorney fees is excessive because the court ordered him to pay $62,930 in Lilliana's attorney fees during the discovery process. The court ordered Jeffrey to pay those fees as a discovery sanction. But the court subtracted that amount from the total Lilliana's attorney billed during the proceedings when it determined a reasonable attorney fee award. The $101,746.13 in attorney fees and costs the court awarded Lilliana represents her remaining attorney fees, her expert fees, and costs.[1] Because the court properly exercised its discretion in determining the attorney fee award, we decline to disturb it on appeal.

---

[1] The affidavit submitted by Lilliana's attorney shows 467.10 hours of work during the dissolution proceedings, billed at an hourly rate of $350 for a total bill of $163,485. The court subtracted sixty-five hours of time directed to a prior trial on a claim seeking annulment of the marriage from the billed hours, reducing the total to $140,735. The court also subtracted the total amount of Lilliana's attorney fees it ordered Jeffrey to pay as discovery sanctions and the amount Lilliana had withdrawn from the parties' joint checking account. It added expert fees of $30,858.98 and costs of $1882.15 for court reporting services to arrive at a total award of $101,746.13.

Lilliana asks for an award of her appellate attorney fees. The decision to award appellate attorney fees is within our discretion. *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). We consider the needs of the party requesting the award and the ability of the other party to pay. *See id.* We also consider whether the requesting party had to defend the trial court's ruling on appeal. *See id.* For the reasons stated above, we remand to the district court to determine a reasonable award of Lilliana's appellate attorney fees.

**AFFIRMED.**