**IN THE COURT OF APPEALS OF IOWA**

No. 14-0777
Filed January 28, 2015

**IN RE THE MARRIAGE OF DAWN R. HEALD
AND TODD R. HEALD**

**Upon the Petition of
DAWN R. HEALD,**
        Petitioner-Appellant/Cross-Appellee,

**And Concerning
TODD R. HEALD,**
        Respondent-Appellee/Cross-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Mary Chicchelly,

Judge.

        Dawn Heald appeals from the district court's denial of her application to

modify the physical care provision of the parties' dissolution decree and its

attendant orders.  Todd Heald cross-appeals.  **AFFIRMED AS MODIFIED ON**

**APPEAL.  AFFIRMED ON CROSS-APPEAL.**

        Dawn D. Long of Howes Law Firm, P.C., Cedar Rapids, for appellant.

        Stephen B. Jackson Sr. of Lynch Dallas, P.C., Cedar Rapids, for appellee.

        Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

Dawn Heald appeals from the district court's denial of her application to modify the physical care provision of the parties' dissolution decree and its orders regarding child support and a post-secondary education subsidy for the children. Todd Heald cross-appeals the expansion of Dawn's visitation and the amount of her child support obligation.

### I. Factual and Procedural Background

A trial took place on the parties' dissolution of marriage in 2009. The uncertainty pending the lengthy delay in the district court's ruling and decree was difficult for the parties. They eventually agreed to stipulate to a number of issues in order to expedite the issuance of a decree. Dawn acquiesced to Todd's request that he retain physical care of their four children, though she has insisted throughout the proceedings that both parties understood her concession of physical care to be temporary while she finished pursuing a degree.[1] The stipulation also provided that Dawn would forfeit all claim to Todd's retirement benefits in exchange for Todd's waiver of child support.

The court issued its decree of dissolution integrating the stipulation on April 28, 2010. The stipulation provided in part, "Each of the parties agree[s] to work together so that their basic parenting schedule will be flexible in order to accommodate each other's schedules and the schedules of the child as they both will agree."

---

[1] Dawn has since acquired her degree and has gained higher-paying employment as a result.

Both before and since the decree, the parties' relationship has been strained. Dawn accuses Todd of using his award of physical care as a sword against Dawn rather than a shield for the children by aggressively making visitation an ordeal and constantly refusing requests to accommodate her schedule. She accuses him of needlessly abusive language in their communications.[2] Todd characterizes Dawn as a liar whose recount of any incident is chronically over-exaggerated. He asserts Dawn's complaints about his management of her visitation rights are without merit.

After a year of contentious visitation transfers, Dawn filed an application for rule to show cause, alleging Todd was in contempt of court for intentionally violating the visitation provisions of the decree. The application was eventually voluntarily dismissed after Todd announced his intention that their children take the witness stand. Dawn decided she would rather dismiss her claim than force her children into the middle of the proceedings as primary witnesses.

Though the application was dismissed, the court ordered a family team meeting. At that meeting, Dawn and Todd received a recommendation and referral to co-parent counselling. Dawn inquired whether Todd was interested in following up on that recommendation. He refused by responding, "The family

---

[2] On June 25, 2010, he wrote, "It is shocking how easy you were replaced as a wife and mom. . . . Read the decree . . . I got your input. I make the final decision. I have primary physical care. I don't have to do what you say. I [only] have to get your opinion. You really have nothing . . . ." He also wrote, "Hire [a psychologist] for yourself . . . You have needed one for years."

In July 2012, Dawn had a scheduling conflict with her work that butted up against her visitation period. She proposed that she pick up the children a few hours earlier than usual. Todd belligerently refused, described the request as "unacceptable," and feigned benevolence by being "flexible" and allowing Dawn to either pick up the children later than her normal time or not take them at all.

team meeting was a complete waste of time and any recommendations coming out of that meeting are a joke."

Since the decree, one of the four children has reached the age of majority. Dawn petitioned the court to modify the decree and award her physical care of the three minor children. Two of the three minor children joined Dawn's request, while the third asked that the parents share joint care. The oldest child testified that she believes the minor children should remain in Todd's care. Todd requested the court leave physical care unchanged, arguing Dawn had failed to prove a change in circumstances; he also requested the court award him child support from Dawn, arguing his earlier waiver of support was not intended to be permanent.

The district court held a trial on the parties' modification requests. After the trial it determined that a modification of physical care was not warranted because there had been no substantial change in circumstances to support such a change. However, it held there was a sufficient change in circumstances to modify both the visitation and child support provisions of the decree. Pursuant to the parties' post-trial motions, the court modified its order as to visitation and child support.[3]

Dawn now appeals, claiming the district court improperly denied Dawn's modification request regarding the physical care of the children. She also appeals the award of child support to Todd and the court's order that she contribute to a post-secondary education subsidy for the children. She lastly

---

[3] The court modified visitation and child support in a March 27, 2014 post-trial order. It further modified child support in an April 9, 2014 post-trial order.

appeals the district court's refusal to award her attorney fees and requests appellate attorney fees from this court. Todd cross-appeals, challenging the district court's post-trial modifications of visitation and child support. He further appeals the district court's failure to award child support retroactively.

**II. Standard and Scope of Review**

We review modifications of a dissolution decree de novo, giving weight to the district court's findings of fact, though those findings are not binding on us. *In re Marriage of Mihm*, 842 N.W.2d 378, 381 (Iowa 2014).

We review the district court's determination on the retroactivity of child support for an abuse of discretion. *See In re Marriage of Thede*, 568 N.W.2d 59, 62–63 (Iowa Ct. App. 1997). We review the court's disposition on the parties' attorney fees for an abuse of discretion. *See In re Marriage of Maher*, 596 N.W.2d 561, 568 (Iowa 1999).

**III. Discussion**

A. Physical Care

Dawn first claims the district court incorrectly denied her request to modify the physical care provision of the decree. In order to modify such a provision, Dawn must establish that "conditions since the decree have so materially and substantially changed that the children's best interests make it expedient to make the requested change." *In re Marriage of Grantham*, 698 N.W.2d 140, 146 (Iowa 2005) (citing *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983)). The change in circumstances must be permanent, it must be related to the welfare of the children, and it must not have been within the contemplation of the court when the decree was entered. *Frederici*, 338 N.W.2d at 158. All of these

conditions must be proved by a preponderance of the evidence, and this burden on the applicant is a heavy one. *Id.*

We agree with the district court that Dawn has not established that a substantial change in circumstances has occurred since the entry of the decree that would support a change of physical care. The poor communications between the parties pre-dates the decree. Todd's rigid enforcement of the terms of the original decree are not a change in circumstance—the court and Dawn should reasonably have contemplated the continuation of this behavior at the time of the decree given Todd's similar behavior prior to the decree.

Todd's remarriage and the children's relationship with their step-mother are also not a substantial change in circumstances that would necessitate such a modification. The well-being of the minor children does not appear to have been adversely affected. They are, by all accounts, well-rounded and loving to both parents. We also note that Dawn appears to be equally able but not *more* able to minister to the children's needs. *See id.*

We affirm the district court's finding that there has not been a substantial change in circumstance to support modification of the physical care provision of the decree. Our affirmance also obviates Dawn's alternative request for joint physical care.

B. Child Support & Post-Secondary Education Subsidy

Dawn next appeals the district court's award of child support to Todd. The dissolution decree via the parties' stipulation provided, "[B]ased upon the parties' current income and financial circumstances and, pursuant to the parties' agreement, the parties agree that good cause exists to deviate from the Child

Support Guidelines, so as to do justice between the parties. Accordingly, no child support is due from Dawn to Todd." The district court held it could not "assume that this lack of support was meant to last indefinitely." It awarded Todd child support.

For the district court to modify the child support provisions of the decree, Todd must demonstrate that there has been a substantial change in circumstances. *See In re Marriage of Reitz*, 585 N.W.2d 226, 229 (Iowa 1998). Dawn argues there has been no such change. We disagree. The district court relied on Iowa Code section 598.21C(2)(a) (2013), which provides there is—per se—a substantial change in circumstances "when the court order for child support varies by ten percent or more from the amount which would be due pursuant to the most current child support guidelines."[4] The modification of child support to match the guidelines was proper.

However, Dawn asserts the district court's modification deviated from the guidelines without sufficient written findings to support them. *See* Iowa Ct. R. 9.11. First, she claims the court should reduce its calculation based on the fact that there is a cheaper health benefits package Todd could enroll in. We find the district court's reliance on the actual cost of the family's health care is proper and not a deviation.

---

[4] This is a statutory alternative to a finding of a substantial change in circumstances under section 598.21C(1). *See Mihm*, 842 N.W.2d at 386. Dawn's supporting facts for her argument that there is no substantial change in circumstances relate only to section 598.21C(1). Though we agree there has been no change that was not contemplated by the parties or the court, section 598.21C(2)(a) establishes a substantial change upon which modification is proper notwithstanding the plain language of the stipulated decree.

Second, she argues the district court's order that she contribute fifty percent of the costs of "extracurricular activities and extraordinary expenses" during the summer months renders her doubly liable for those costs since they should be paid out of her child support payments. We agree. Extracurricular activity expenses and costs of recreational activities "fall squarely within the realm of childrearing expenses contemplated by our guidelines." *In re Marriage of McDermott*, 827 N.W.2d 671, 686 (Iowa 2013). This portion of the district court's order is a deviation from the guidelines that was not necessary to avoid injustice to the parties. We modify the order to reflect that Dawn need not contribute to the costs of "extracurricular activities and extraordinary expenses" during the summer or the school year. Her child support payments provide for those expenses.

In all other respects, the district court's child support order is supported by a statutorily-established substantial change in circumstances and comports with the guidelines to achieve the best interests of the children. We affirm as modified.

Dawn briefly contests the district court's order that she contribute to a post-secondary education subsidy for her children. *See* Iowa Code § 598.21F ("The court may order a postsecondary education subsidy if good cause is shown."). However, the district court's order is consistent with the requirements of section 598.21F. We affirm.

C. Post-Trial Modifications

Todd cross-appeals, claiming the district court's rulings on two post-trial motions were improper. He claims the district court relied upon facts not in

evidence to extend additional summer visitation to Dawn.[5]  However, on our de novo review, we consider only relevant facts in evidence and conclude that the district court's summer visitation schedule is proper and in the best interest of the children.  Todd's assertion that "[b]oth parties admit that their relationship will not support such a schedule" intentionally misstates Dawn's position and is not persuasive.  We decline to disturb the trial court's post-trial rulings on visitation.

Todd also challenges the district court's post-trial modifications of child support calculations.  As discussed above, we find the calculations relied upon to be proper, and we will not disturb them.  We affirm the trial court's post-trial modifications to visitation and child support.

D. Retroactive Child Support

Todd further claims on cross-appeal that the district court abused its discretion in failing to award him maximum retroactive child support.  *See* Iowa Code § 598.21C(5) ("[C]hild support awards . . . which are subject to a modification proceeding may be retroactively modified.").  Awarding child support retroactively is permissive, not mandatory, and a district court has great discretion is determining whether it should issue such an order.  *See Iowa Dep't of Soc. Servs. ex rel. Welter v. Kitner*, 512 N.W.2d 309, 313 (Iowa Ct. App. 1993).  There are no circumstances in this case that persuade us such an award was necessary.  The district court did not abuse its discretion.

---

[5] More precisely, he claims the district court failed to provide any factual or legal basis for its modification of visitation and therefore we should *presume* it relied on facts not in evidence.

E. Attorney Fees

Dawn lastly asks for trial and appellate attorney fees. The district court ordered both parties to bear their own legal costs. It holds considerable discretion to do so. *See In re Marriage of Schenkelberg*, 824 N.W.2d 481, 488 (Iowa 2012). Nothing in the record indicates the court's order was an abuse of that discretion. We affirm. We exercise our own discretion to order each party to bear its own appellate attorney fees and costs on appeal.

**IV. Conclusion**

The district court's orders regarding physical care, the post-secondary education subsidy, attorney fees, and retroactive child care are proper, and we affirm them. Its orders regarding the modification of child support payments was proper except insofar as it requires Dawn to make additional contributions to expenses that the guidelines already sufficiently contemplate. We modify the order to ensure Dawn is not doubly responsible for these expenses. In all other respects, we affirm.

**AFFIRMED AS MODIFIED ON APPEAL. AFFIRMED ON CROSS-APPEAL.**